UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWIN BRUCE STRAYHORN and MEGAN STRAYHORN, individually, and on behalf of others similarly situated

       Plaintiffs,

v.                                          Case No:  2:15-cv-584-FtM-99CM

VOLKSWAGEN GROUP OF AMERICA, INC.,

       Defendant.
_____/

**ORDER**[1]

This matter comes before the Court on review of Edwin Bruce Strayhorn and Megan Strayhorn's Class Action Complaint (Doc. #1) filed on September 25, 2015.  Subject-matter jurisdiction is premised on the presence of a diversity of citizenship between at least one class member and defendant, and an aggregate amount in controversy that exceeds $5,000,000 pursuant to the Class Action Fairness Act (CAFA). (Doc. #1, ¶15). If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

Plaintiffs allege they are residents of the State of Florida, and that Defendant, Volkswagon Group of America, Inc. is a corporation organized under the laws of the State of New Jersey with its principal place of business in Virginia. (Doc. #1, ¶ 16). "Under CAFA, federal courts now have original jurisdiction over class actions in which the amount in

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

controversy exceeds $5,000,000 and there is minimal diversity (at least one plaintiff and one defendant are from different states)." Evans v. Walter Indus., Inc., 449 F.3d 1159, 1163 (11th Cir. 2006). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citations omitted).

Plaintiffs allege they are residents of the State of Florida, however, pleading residence is not sufficient to establish citizenship.  As Plaintiffs have failed to properly allege their citizenship, minimal diversity has not been pled. Plaintiffs will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now **ORDERED:**

The Class Action Complaint (Doc. #1) is **DISMISSED** for lack of subject matter jurisdiction.  Plaintiffs have up to and including, **October 15, 2015**, to file an Amended Complaint pleading federal subject matter jurisdiction.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of September, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record